UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **FLORA NICHOLAS**<br>**1253 Centre Harbor Place**<br>**Reston, VA 20194**<br>**CIS File No. A023 357 070,**<br><br>    **Plaintiff**<br><br>**v.**<br><br>**JONATHAN SCHARFEN, Acting Director**<br>**U.S. Citizenship and Immigration Services,**<br>**In his official capacity as well as his successors**<br>**and assigns,**<br>**20 Massachusetts Avenue, N.W.**<br>**Washington, DC 20529**<br><br>**MICHAEL CHERTOFF, Secretary**<br>**U.S. Department of Homeland Security,**<br>**In his official capacity as well as his successors**<br>**and assigns,**<br>**425 Murray Drive, Building 410**<br>**Washington, DC 20528**<br><br>**ROBERT S. MUELLER, Director**<br>**Federal Bureau of Investigation,**<br>**In his official capacity as well as his successors**<br>**and assigns,**<br>**J. Edgar Hoover Building**<br>**935 Pennsylvania Avenue, N.W.**<br>**Washington, DC 20535,**<br><br>    **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>  **Civil No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY, MANDATORY AND INJUNCTIVE RELIEF

The plaintiff, FLORA NICHOLAS, by counsel, complains of the defendants,

JONATHAN SCHARFEN, Acting Director, U.S. Citizenship & Immigration Services;

MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security; and ROBERT S.

MUELLER, Director, Federal Bureau of Investigation, as follows:

## PREFATORY STATEMENT

1. This is an action in the nature of mandamus for declaratory and injunctive relief to compel the defendants and those acting under them to immediately and forthwith take all appropriate actions to adjudicate Plaintiff Flora Nicholas' application for adjustment of status, Form I-485, which was properly filed and received by the defendants, the United States Department of Homeland Security ("DHS"), United States Citizenship & Immigration Services ("USCIS"), on March 1, 2002. *Exh. 1* (Receipt Notice from USCIS). The I-485 application for adjustment of status remains pending within the jurisdiction of the defendants, who have improperly withheld action and adjudication for over six years, to the detriment of the rights and privileges of the plaintiff, Ms. Flora Nicholas.

## I. JURISDICTION

2. This Court has jurisdiction pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 2201, 2202 (action for declaratory judgment) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty) to redress the deprivation of rights, privileges, and immunities secured to the plaintiff and to compel the defendants to perform a duty that the defendants owe to the plaintiff. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

3. Jurisdiction is also conferred by 5 U.S.C. §§ 702 and 704, originally part of the Administrative Procedure Act ("APA"). An agency has a duty to conclude a matter presented to it within a "reasonable time." 5 U.S.C. § 555(b). "Accordingly, the scope of judicial review includes 'compel[ling] agency action unlawfully withheld or unreasonably delayed. [5 U.S.C.]

§ 706(1)." *Liu v. Novak*, 509 F. Supp.2d 1, 9 (D.D.C. 2007) ("[T]he Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonable delayed adjudicating his application.")

     4.   Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction.  Section 242(a)(5) of the INA, 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provisions of this Act[.]"  As the present action is not an action to review a removal order but simply an action to compel the defendants to adjudicate a long and unreasonably delayed I-485 application for adjustment of status, this Court retains original jurisdiction under 28 U.S.C. § 1361.  Furthermore, section 242(a)(2)(B) of the INA, 8 U.S.C. § 1252(a)(2)(B), provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action  of the Attorney General or the Secretary of Homeland Security the authority for which is specified...to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]"  Because "the failure to adjudicate" a properly filed application for adjustment of status is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original jurisdiction over this claim.  *See Liu v. Novak*, 509 F. Supp. at 7  ("[T]he Court concludes that § 1252(a)(2)(B)(ii) does not eliminate this Court's jurisdiction over plaintiff's claim.")

## II. VENUE

5.  Venue is proper under 28 U.S.C. § 1391(e) because this is an action brought against officers and agencies of the United States in their official capacities, brought in the district where all of the defendants maintain their offices and where a substantial part of the events or omissions giving rise to the plaintiffs' claim occurred; namely, the policies and procedures that give rise to the unreasonable delay in the adjudication of the plaintiff's adjustment of status application are developed and issued by Defendants Scharfen, Chertoff and Mueller.

## III. PARTIES

6.  The plaintiff, FLORA NICHOLAS, is a national of Great Britain, who has lawfully resided in the United States since 1996.  She is domiciled at 1253 Centre Harbor Place, Reston, Virginia 20194.

7.  The defendant JONATHAN SCHARFEN  is the Acting Director of USCIS who is sued in his official capacity, as well as his successors and assigns.  USCIS is the agency of the U.S. Department of Homeland Security responsible for adjudicating applications for adjustment of status under the Immigration and Nationality Act filed pursuant to 8 U.S.C. § 1255.  The USCIS has a mandatory duty to act on the applications for adjustment of status within a reasonable time.

8.  The defendant MICHAEL CHERTOFF is the Secretary of the U.S. Department of Homeland Security ("DHS").  He is sued in his official capacity, as well as his successors and assigns.  The DHS oversees the operations of Defendant USCIS.

4

9.  The defendant ROBERT S. MUELLER is the Director of the Federal Bureau of Investigation ("FBI"). He is sued in his official capacity, as well as his successors and assigns. The FBI's duties are to ensure the timely completion of all requests for security background checks from the USCIS.

## IV. CAUSE OF ACTION

### A. Background Facts

10.  Plaintiff's husband, Paul Gayter, was the beneficiary of an approved I-140 Immigrant Petitioner for Alien Worker, classifying him as a Professional Worker under 8 U.S.C. § 1153(b)(3)(A)(ii). *Ex. 2.*

11.  In March, 2002, Plaintiff's husband applied for adjustment of status based on the approved I-140 Immigrant Petition for Alien Worker.

12.  On March 1, 2002, Plaintiff and her two children also submitted applications for adjustment of status with Defendant USCIS at its Vermont Service Center, as the derivative spouse and children of Paul Gayter. *Exh. 1.*

13.  On September 29, 2003, Defendant USCIS approved the I-485 application for adjustment of status on behalf of Plaintiff's husband, Paul Gayter, and their two children, after they were interviewed by USCIS at its Washington Field Office. *Ex. 3.* They have, therefore, been lawful permanent residents since September 29, 2003.

14.  As of this date, Plaintiff has not been interviewed by Defendants.

15.  Plaintiff was last requested to provide her biometrics and was last fingerprinted on November 1, 2002. Copies obtained from a Freedom of Information Act reveal that Plaintiff's biometrics were "rejected because the fingerprint image was unclassifiable." The notice of

rejection from the U.S. Department of Justice orders Defendant USCIS to "reschedule the applicant." To this day, Defendant has not done so. *Exh. 4.*

16. An online inquiry done on May 14, 2007, and again on August 26, 2008, shows the Plaintiff's I-485 application remains pending at the Washington Field Office of USCIS where it was transferred on September 30, 2003 to conduct an interview. *Ex. 5.* The USCIS Processing Dates for the Washington Field Office shows that as of August 26, 2008, it is adjudicating applications for I-485 adjustment of status received on April 29, 2007, which is over three years and seven months beyond the normal processing time.

## B. Claims

17. The defendants' continuing delay of 78 months and counting in failing to adjudicate the plaintiff's application for adjustment of status is per se unreasonable, especially in light of the average USCIS-stated local processing time of 16 months. *Exh. 6.*

18. The D.C. District Court in *Liu v. Novak, supra*, has held that a four-year delay in adjudicating an application for adjustment of status due to security background checks was unreasonable. The *Liu* Court relied on the holding of *Telecommunications Research & Action Center("TRAC") v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) to identify the factors relevant in determining whether agency delay is unreasonable:

> (1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find "any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

6

*Liu v. Novak,* 509 F. Supp. 2d at 9, *citing Telecommunications Research & Action Center v FCC, supra* at 80 (citations omitted).

19. On February 4, 2008, USCIS issued an Interoffice Memorandum, stating that it changed its policy to now adjudicate approvable applications for adjustment of status when the FBI name check request has been pending for more than 180 days, even though it has not been completed. *See Exh. 7.* Plaintiff's biometrics were done almost six years ago.

20. In *Liu, supra,* Judge Sullivan ruled that with regard to the first TRAC factor, a four-year delay for a name check process described by the defendants "as one where data is primarily retrieved from an electronic database, and only occasionally from paper records," to be unreasonable. *Id.* at 9. A six-year delay in the plaintiff's case for the same reason is similarly unreasonable. Judge Sullivan at footnote 4 noted that "Congress has not provided a timetable for this action [adjustment application], so the second TRAC factor is inapplicable." *Id.*

21. Judge Sullivan in *Liu* has further ruled that—

> With regard to the third and fifth TRAC factors, […] [t]he inability to obtain permanent resident status affects a wide range of important rights." [citing *Singh v. Still,* 470 F.Supp.2d 1064, 1070 (N.D.Cal.2007)]. For example, the delay prejudices plaintiff's ability to petition to immigrate close family members and adversely impacts his ability to seek United States citizenship. *See id.* Thus, these factors weigh in favor of finding the delay unreasonable.

*Liu v. Novak, supra* at 10. The delay in adjudicating her application for adjustment of status greatly prejudices the plaintiff by depriving her of the ability to seek naturalization and, thus, of the right to vote in elections, to petition for close family members, and is a barrier for her professional advancement as most high-level contracts with the U.S. Government now require U.S. citizenship.

22. Regarding the fifth TRAC factor, like the Plaintiff in *Liu, supra,* Plaintiff is not the subject of any active investigation.

23.  The name check system has been described by the defendants in other cases as being prioritized in order of application date. *See Liu v. Novak,* 509 F. Supp. at 10.  Such a prioritization by application date was not followed in the case of Plaintiff Flora Nicholas, whose security background check has been pending for six years, while thousands of other cases filed after hers have had their background checks completed and their applications for adjustment of status adjudicated.

24.  Plaintiff's application for adjustment of status has been neglected by the defendants and the present six-year delay in adjudicating such application is clearly unreasonable.

### PRAYER

WHEREFORE, Plaintiff prays that this Court:

I.    Compel the defendants and those acting under them to perform their duty to adjudicate the plaintiff's application for adjustment of status within a reasonable time of no more than 30 days;

II.   Declare the defendants' continued delay and inaction violates the APA;

III.  Grant reasonable attorney's fees and costs of court under the Equal Access to Justice Act;

IV.   Grant such other and further relief as this Court deems proper.

Respectfully submitted,

08/27/2008

THOMAS A. ELLIOT, D.C. BAR # 259713
ELLIOT & MAYOCK
1666 Connecticut Avenue NW, 5th Floor
Washington D.C. 20009
(202) 429 1725

8

88-1512

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NICHOLAS, FLORA    88888 | Scharfen, Jonathan, USCIS<br>Chertoff, Michael, USDHS<br>Mueller, Robert, FBI |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _88888_
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY) _11001_
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Thomas A. Elliot, Esquire
Elliot & Mayock
1666 Connecticut Avenue, N.W., 5th Floor
Washington, D.C. 20009
(202) 429-1725

**ATTORNEYS (IF KNOWN)**

Case: 1:08-cv-01512
Assigned To : Friedman, Paul L.
Assign. Date : 8/29/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**◉ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)**       **OR**       **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

5

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

8 U.S.C. Sec. 1361, 5 U.S.C. Sec. 702, 704

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐    NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  08/27/2008    SIGNATURE OF ATTORNEY OF RECORD  _(signature)_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

| RECEIPT NUMBER EAC-02-141-50124 | | I-485   APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS | |
| --- | --- | --- | --- |
| RECEIVED DATE March 1, 2002 | PRIORITY DATE | APPLICANT   A23 357 070 NICHOLAS, FLORA | |
| NOTICE DATE March 23, 2002 | PAGE 1 of 1 | | |

| | |
| --- | --- |
| ELLIOTT C LICHTMAN LICHTMAN TRISTER SINGER & ROSS 1666 CONNECTICUT AVENUE NW STE 500 WASHINGTON DC 20009 | Notice Type:  Receipt Notice Amount received: $  305.00 Section: Derivative adjustment |

The above application or petition has been received. It usually takes 365 to 540 days from the date of this receipt for us to process this type of case. Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number (802) 527-4913 to obtain case status information direct from our automated system 24 hours a day with a touch tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at 1-800-375-5283. If you are hearing impaired, please call our TDD at 1-800-767-1833.

If you have access to the Internet, you can also visit the INS at www.ins.usdoj.gov. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present this site does not provide case status information.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (802) 527-4913



00210

00212

U.S. Department of Justice
Immigration and Naturalization Service

## Notice of Action

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER EAC-01-105-51770 | CASE TYPE I140 IMMIGRANT PETITION FOR ALIEN WORKER |
|---|---|
| RECEIPT DATE February 16, 2001 | PRIORITY DATE September 18, 2000 | PETITIONER KIM MCDONALD INTL MGT |
| NOTICE DATE October 22, 2001 | PAGE 1 of 1 | BENEFICIARY GAYTER, PAUL S. |

LICHTMAN TRISTER SINGER & ROSS
1666 CONNECTICUT AVE NW STE 500
WASHINGTON DC 20009

Notice Type:  Approval Notice
Section: Skilled Worker or
         Professional,
         Sec.203(b)(3)(A)(i) or (ii)

The above petition has been approved   The petition indicates that the person for whom you are petitioning in the United
States and will apply for adjustment of status   He or she should contact the local INS office to obtain Form I-485.
Application for Permanent Residence   A copy of this notice should be submitted with the application.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition,
the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office
to request that we send the petition to the Department of State National Visa Center (NVC)

The NVC processes all approved immigrant visa petitions that require consular action.  The NVC also determines which
consular post is the appropriate consulate to complete visa processing.  It will then forward the approved petition to
that consulate

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA

KIM
I-140
APPROVAL

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (802) 527-4913



Form I-797 (Rev 09/07/93)N

39

**U.S. DEPARTMENT OF JUSTICE**
Immigration and Naturalization Service

Memorandum of Creation of Record
of Lawful Permanent Residence

| | |
|---|---|
| Place | VERMONT SERVICE CENTER |
| File No. | A95 431 302 |
| Receipt No. | EAC-02-141-50161 |

Status as a lawful permanent resident of the United States is accorded:

| | | | |
|---|---|---|---|
| Name In Care of Street Address Apt No. City, State, Zip | GAYTER, SOPHIE N 9116 STREMVIEW LANE VIENNA VA 22182 | Sex Male | Date of Birth (Month/Day/Year) July 9, 1990 |
| | | City of Birth | Country of Birth UNITED KINGDOM |
| | | Country of Nationality UNITED KINGDOM | Country of Last Residence UNITED KINGDOM |

| | | | |
|---|---|---|---|
| Marital Status Single/Never Married | Occupation 992 Children under | N/I Class at time of Adj. H4 | Year Adm. to U.S. or Year of Change to Present NI Class (whichever most recent) |
| Priority Date (Month/Day/Year) September 18, 2000 | Preference (If any) E30 | Country to Which Chargeable (If any) UNITED KINGDOM | |
| Section 212 (a) (5) Labor Certification  Not Applicable | | Mother's First Name FLORA | Father's First Name PAUL |
| Last NIV Issued at (U.S. Consulate Post) | Date of Issuance of Last NIV | Number of Last NIV | Classification of Last NIV |

Under the following provision of law

- [ ] Public Law 95-412
- [ ] Public Law 96-212
- [ ] Private Law No.
  of the ___ Congress ___ Session
- [ ] Sec. 209 (a) of the I & N Act
- [ ] Sec. 209 (b) of the I & N Act
- [ ] Sec. 244 ( ) ( ) of the I & N Act
- [x] Sec. 245 of the I & N Act
- [ ] Sec. 249 of the I & N Act
- [ ] Sec. 1 of the Act of 11/2/66
- [ ] Sec. 13 of the Act of 9/11/57
- [ ] Sec. 214 (d) of the I & N Act
- [ ] Other law (Specify)

As of  September 29, 2003 at Saint Albans VT

Class of admission  E30

REMARKS

RECOMMENDED BY Immigration Officer)                    (Date)
9/24/03

PAMELA GADWAY, PAMELA

DATE OF ACTION

DD

DISTRICT

APPROVED
INS DISTRICT DIRECTOR
SEP 29 2003
VSC  L 12015

## FOR USE BY VISA CONTROL OFFICE

Date _____

Foreign State _____

Preference Category _____

Number _____

Month of Issuance _____

Signed _____
(Visa Office, Dept. of State)

CC: Page 2 Master Index copy sent on_____
CC: Page 3 ADIT and Statistical report copy sent on_____

**00342**

Form I-181 (Rev.3-1-83) N                    1. FILE COPY



**UNCLASSIFIABLE REJECT NOTICE**

DATE PRINTED: 11/01/2002 09:20 AM

---

INS HUNTINGTON                                        ASC Site Code: XDE6I1
5834D N. KINGS HWY
ALEXANDRIA, VA 22303



The following transaction was rejected because the fingerprint image was
unclassifiable.  Please reschedule the applicant as identified below.
An FMNS barcode has been provided to assist you during data re-entry.

```
Last Name                : NICHOLAS
First Name               : FLORA
Middle Name              : UNKNOWN

Street Address           : 9116 STREAMVIEW LANE
City                     : VIENNA
State                    : VA
Zip Code                 : 22182

Date of Birth            : 11/19/1956

Alien Number             : A023357070   BNC 621
Social Security Number   : 225776890

Date Fingerprinted       : 11/01/2002
Reason Fingerprinted     : I485

District ORI             : DCINSWF00
```

(b)(2)   Employee ID               :

```
Transaction Control Number    :
Transaction Control Reference :
```

71

(b)(2)

IMMIGRATION AND NATURALIZATION SERVICE                11/21/2002
FD258 TRACKING SYSTEM                                  05:15

PAGE 00001 OF 00001
TOTAL RECORD COUNT 000002        SEARCH CRITERIA: ÁNUM = 023357070

```
      CIDN    A-NUMBER   LAST NAME   FIRST NAME   FORM    DATE SEND    ORI       RSP

  A023357070 023357070 NICHOLAS     FLORA        I485    08/02/2002  DCINSWF00   R
  A023357070 023357070 NICHOLAS     FLORA        I485    11/01/2002  DCINSWF00   R
```

*** ONE PAGE ***

(b)(2)

72

# Case Status Search

Receipt Number:    eac0214150124

Application Type:    I485, APPLICATION TO REGISTER PERMANENT RESIDENCE OR TO ADJUST STATUS

Current Status:
This case has been sent for a standard interview.

On September 30, 2003, we transferred this case to our WASHINGTON, DC location to conduct the interview that is a standard part of processing this I485 APPLICATION TO REGISTER PERMANENT RESIDENCE OR TO ADJUST STATUS. You will be sent a notice when the interview is scheduled, or if the office needs something from you. If you move while this case is pending, call customer service. We process cases in the order we receive them. You can use our processing dates to estimate when this case will be done. This case has been sent to our WASHINGTON, DC location. Follow the link below to check processing dates. You can also receive automatic e-mail updates as we process your case. Just follow the link below to register.

―――――――――――――――――――――――――――――――

If you have a question about case status information provided via this site, or if you have not received a decision from USCIS within the current processing time listed, please contact the USCIS Customer Service at (800) 375   5283 or 1-800-767-1833 (TTY).

# Case Status Search

Receipt Number:    eac0214150124

Application Type:    I485, APPLICATION TO REGISTER PERMANENT RESIDENCE OR TO
ADJUST STATUS

Current Status:
This case has been sent for a standard interview.

On September 30, 2003, we transferred this case to our WASHINGTON, DC location to conduct
the interview that is a standard part of processing this I485 APPLICATION TO REGISTER
PERMANENT RESIDENCE OR TO ADJUST STATUS. You will be sent a notice when the
interview is scheduled, or if the office needs something from you. If you move while this case is
pending, call customer service. We process cases in the order we receive them. You can use our
processing dates to estimate when this case will be done. This case has been sent to our
WASHINGTON, DC location. Follow the link below to check processing dates. You can also
receive automatic e-mail updates as we process your case. Just follow the link below to register.

––––––––––––––––––––––––––––

If you have a question about case status information provided via this site, or if you have not
received a decision from USCIS within the current processing time listed, please contact
Customer Service at (800) 375   5283 or 1-800-767-1833 (TTY).

47



Home   Contact Us   Site Map   FAQ

Search 

Advanced Search

Services & Benefits    Immigration Forms    Laws & Regulations    About USCIS    Education & Resource    Press Room

Print This Page    |    Back

## U.S. Citizenship and Immigration Services
## Washington DC Processing Dates
## Posted July 15, 2008

The processing times shown below are a tool for our customers to gauge our current processing times. When applications and petitions are completed within our target timeframes, that goal will be shown in the data display.

The processing times shown below are for applications that have just been completed. If you have just filed your application, these timeframes may not reflect how long your application will take to be completed. We encourage you to check this page periodically before inquiring about your case. The processing times are updated monthly.

USCIS has received a significant increase in the number of applications filed  In July and August, nearly 2.5 million applications and petitions of all types were received  This compares to 1.2 million applications and petitions received in the same time period last year. This fiscal year, we received 1.4 million applications for naturalization; nearly double the volume we received the year before. The agency is working to improve processes and focus increased resources, including hiring approximately 1,500 new employees, to address this workload.

As a result, average processing times for certain application types may be longer. In particular, naturalization applications filed after June 1, 2007 may take approximately 13-15 months to process

We offer a variety of services after you file.  For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our customer guide –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

District Office Processing Dates for **Washington DC** Posted July 15, 2008

| Form | Form Name | Processing Timeframe |
|------|-----------|----------------------|
| I-131 | Application for Travel Documents | March 11, 2008 |
| I-485 | Application to Register Permanent Residence or Adjust Status | April 29, 2007 |
| I-600 | Petition to Classify Orphan as an Immediate Relative | February 07, 2008 |
| I-600A | Application for Advance Processing of Orphan Petition | February 07, 2008 |
| I-765 | Application for Employment Authorization | February 20, 2008 |
| N-400 | Application for Naturalization | March 06, 2007 |
| N-600 | Application for Certification of Citizenship | January 17, 2008 |

Print This Page    |    Back |

**08-26-2008 04:26 PM EDT**

Home    Contact Us    Privacy Policy    Website Policies    NoFEAR    Freedom Of Information Act    FirstGov

U.S. Department of Homeland Security

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Domestic Operations of Directorate*
Washington, DC 20529



**U.S. Citizenship
and Immigration
Services**

**FEB 4 - 2008**

HQ 70/23 & 70/28.1

# Interoffice Memorandum

**TO:**        Field Leadership

**FROM:**    Michael Aytes
            Associate Director, Domestic Operations

**SUBJECT:**    Revised National Security Adjudication and Reporting Requirements

**Background**

U.S. Citizenship and Immigration Services (USCIS) conducts background checks on all applicants, petitioners, and beneficiaries seeking immigration benefits. This is done both to enhance national security and to ensure the integrity of the immigration process. USCIS has previously mandated that FBI name checks be completed and resolved before any positive adjudication can proceed on certain form types. This memorandum modifies existing guidance for applications where statutory immigration provisions allow for the detention and removal of an alien who is the subject of actionable information that is received from the FBI or other law enforcement agencies after approval of the application.

USCIS is issuing revised guidance in response to recommendations of the DHS Office of Inspector General (OIG-06-06) regarding the need to align the agency's background and security check policies with those of U.S. Immigration and Customs Enforcement (ICE). The *Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals* regulations prevent immigration judges and the Board of Immigration Appeals (BIA) from granting benefits to aliens before DHS confirms that all background and security checks have been completed. *See* 8 C.F.R. § 1003.47(g); 8 C.F.R. § 1003.1(d)(6)(i). In the context of removal proceedings, ICE has determined that FBI fingerprint checks and Interagency Border Inspection Services (IBIS) checks are the required security checks for purposes of the applicable regulations. In the unlikely event that FBI name checks reveal actionable information after the immigration judge grants an alien permanent resident status, DHS may detain and initiate removal proceedings against the permanent resident. *See* 8 U.S.C. § 1227; *see also* 8 U.S.C. § 1256 (allowing DHS to rescind an alien's adjustment of status).

**www.uscis.gov**

**Revised National Security Adjudication and Reporting Requirements**
Page 2

**Revised Guidance**

A definitive FBI fingerprint check and the IBIS check must be obtained and resolved before an Application for Adjustment of Status (I-485), Application for Waiver of Ground of Inadmissibility (I-601), Application for Status as a Temporary Resident Under Section 245A of the Immigration and Nationality Act (I-687), or Application to Adjust Status from Temporary to Permanent Resident (Under Section 245A of Public Law 99-603) (I-698) is approved. USCIS will continue to initiate FBI name checks when those applications are received. Where the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the I-485, I-601, I-687, or I-698 and proceed with card issuance. The FBI has committed to providing FBI name check results within this timeframe.

There is no change in the requirement that FBI fingerprint check, IBIS check and FBI name check results be obtained and resolved prior to the adjudication of an Application for Naturalization (N-400).

Pending further guidance regarding post-audit reporting and tracking requirements and modifications to associated quality assurance procedures, applications approved pursuant to this memorandum shall be held at the adjudicating office. If derogatory or adverse information is received from the FBI after the application is approved, USCIS will determine if rescission or removal proceedings are appropriate and warranted.

Subject to the reporting requirements set forth in the February 16, 2007, memorandum titled "FBI Name Checks Policy and Process Clarification for Domestic Operations," an application or petition may be denied, dismissed, administratively closed, withdrawn, or referred to the Immigration Court at any time.

Questions regarding this memorandum should be directed through appropriate supervisory and operational channels. Local offices should work through their chain of command.

Distribution List:
Regional Directors
Service Center Directors
District Directors (except foreign)
Field Officer Directors (except foreign)
National Benefits Center Director